IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNESTO G. LIRA,

    Plaintiff,             No. CIV S-05-2512 GEB KJM P

    vs.

G. GARNER-EASTER, et al.,

    Defendants.       <u>ORDER</u>

                              /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief under 42 U.S.C. § 1983 and has requested authority under 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $18.04 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

I.  Screening The Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that his parole revocation hearing was flawed in a number of ways, beginning with inadequate notice of the charges, restrictions on his right to challenge the evidence against him and present a defense, and denial of an impartial hearing officer. Complaint (Compl.) ¶¶2-9.  Plaintiff also alleges that defendants Lohse and Lee, parole officers, subjected him to an "arbitrary" condition of parole, directing him to have no contact with his "soul mate."  Compl. ¶¶ 10-12.  Finally, plaintiff alleges that defendants Lohse and Lee took plaintiff's property and caused certain files on his computer to be lost.  Compl. ¶¶ 13-14.  He seeks compensatory and punitive damages and a declaration annulling the parole revocation determination and decision.

    A. <u>Allegations Relating To The Parole Revocation Proceedings</u>

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), the Supreme Court held that a prisoner cannot bring a § 1983 claim that, if successful, would imply the invalidity of the prisoner's conviction or incarceration unless the prisoner can show that the conviction or incarceration has already been invalidated.  The rule in <u>Heck</u> applies to constitutional challenges to parole revocation proceedings because such claims necessarily call into question the lawfulness of plaintiff's continued confinement.  <u>Wilkinson v. Dotson</u>, 544  U.S. 74, 125 S.Ct. 1242, 1247-48 (2005); <u>Muhammad v. Close</u>, 540 U.S. 749, 751-52 (2004); <u>see also</u> <u>Spencer v. Kemna</u>, 523 U.S. 1, 17 (1998).  In this case, plaintiff is seeking damages for "reaching the wrong result," <u>cf</u>. <u>Heck</u>, 512 U.S. at 482-83, and has explicitly requested that the result be invalidated. Because he has not shown that the result of the revocation proceeding has been invalidated, he cannot proceed on this portion of his complaint in this civil rights action.  These claims should not be included in any amended complaint.

    B. <u>Allegation Relating To The Parole Condition</u>

It is unclear whether plaintiff's challenge to the no-contact condition is part of his overall attack on the revocation proceedings and their result or is a separate attack on that single condition.  A challenge to a single condition of parole might not necessarily implicate his

continued confinement, even if it was one ground for the revocation proceedings, in light of the allegation that there were ten bases for the determination to return plaintiff to prison. Compl. ¶ 9. In such a case, a civil rights action might be cognizable. Wilkinson, 125 S.Ct. at 1247-48; Jones v. Puckett, 160 F.Supp.2d 1016, 1021 (W.D. Wis. 2001).

Plaintiff will be given the opportunity to clarify the nature of this challenge in an amended complaint, if he is able to do so while complying fully with Federal Rule of Civil Procedure 11.

C. Loss Of Property And Data

The Supreme Court has held a a loss of property claim does not state a civil rights cause of action if the state provides post-deprivation procedures for compensation. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of . . . the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available."); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (applying Hudson and holding a state's adequate post-deprivation remedy for property loss bars a prisoner's § 1983 challenge to the loss). Because California has an adequate post-deprivation remedy, plaintiff's contentions in this regard do not state a claim under the civil rights act.

D. Standards Applicable To An Amended Complaint

If plaintiff chooses to amend the complaint as provided by this order, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights

4

1 violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2 In addition, plaintiff is informed that the court cannot refer to a prior pleading in
3 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
4 amended complaint be complete in itself without reference to any prior pleading.  This is
5 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
6 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
7 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
8 original complaint, each claim and the involvement of each defendant must be sufficiently
9 alleged.

10 II.  Plaintiff's February 27, 2006 Request

11 On February 27, 2006, plaintiff filed a letter, asking for copies of all orders the
12 court files and the local rules and a form for a civil rights action by a prisoner.  In addition, he
13 asked the court to issue an order recognizing his pro se status so that he can get access to the law
14 library.

15 Throughout the litigation, plaintiff will be served with the orders issued by the
16 court, so long as he keeps the court informed of any change of address.  Moreover, the court will
17 direct the Clerk to send a copy of the local rules once it has found plaintiff's complaint sufficient
18 to state a claim and has directed service upon some or all of the defendants.

19 Plaintiff does not allege that he is under a present obligation to submit documents
20 within a time certain and thus has not demonstrated that his right of access to the courts is being
21 impaired.  The court will not issue a separate order merely for the general purpose of insuring the
22 plaintiff library time.

23 In accordance with the above, IT IS HEREBY ORDERED that:

24 1. Plaintiff's request for leave to proceed in forma pauperis is granted.

25 /////

26 /////

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $18.04.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. The Clerk of the Court is ordered to send plaintiff a form for a civil rights action by a prisoner.

5. Plaintiff's February 27, 2006 request for an order recognizing his pro se status is denied.

DATED:  May 22, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
lira2512.dlta