IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNESTO LIRA,

Plaintiff,

vs.

G. GARNER-EASTER, et al.,

Defendants.

No. CIV S-05-2512 GEB KJM P

ORDER AND

FINDINGS AND RECOMMENDATIONS

/

Plaintiff is a parolee proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges that defendant Lohse, a parole officer, and defendant Lee, Lohse's supervisor, imposed a "no contact" condition on plaintiff's parole, forbidding plaintiff to associate with Victoria Luna, whom he characterizes as his common-law wife or soulmate. He also alleges Lee, Lohse and defendant Garner-Easter, a hearing officer for the parole board, failed to give him adequate notice of two of the twelve parole violation charges against him. In addition, he contends that Garner-Easter refused to consider his defense to the parole violation charges and failed to act as an unbiased decision maker. Defendants have filed motions to dismiss; plaintiff has filed a request for the entry of default judgment against the defendants.

/////

/////

I. Motion For The Entry Of Default

Plaintiff argues that the defendants did not timely file their response to the summons and complaint. Defendants did timely file a request for an extension of time, although they may not have submitted the proposed order in a format that the court could sign. In any event, defendants have appeared in the action by filing their motion to dismiss. Moreover, plaintiff has not shown how he has been prejudiced by any tardy filing.

II. Motion To Dismiss

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson, 127 S.Ct. at 2200 (internal citations omitted). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Finally, when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b), the court is generally limited to considering only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (internal quotation omitted). The court therefore declines to

/////

consider the three declarations and the additional exhibits plaintiff has submitted in support of his opposition to the motion to dismiss.

Defendants argue they are entitled to quasi-judicial absolute immunity and that the first cause of action against defendants Lee and Lohse does not state a claim cognizable in a civil rights action.

A. Absolute Immunity

The Ninth Circuit has recognized that parole officials are entitled to absolute immunity from suits for damages when they perform quasi-judicial functions. Swift v. State of California, 384 F.3d 1184, 1189 (9th Cir. 2004); Sellars v. Procunier, 641 F.2d 1295, 1301, 1303 (9th Cir. 1981). Such functions include the decision to revoke parole and the execution of parole revocation procedures. Anderson v. Boyd, 714 F.2d 906, 909 (9th Cir. 1983). In addition, because "the imposition of parole conditions is an integral part of a decision to grant parole," absolute immunity extends to conduct relating to the imposition of parole conditions. Id. However, absolute immunity does not bar claims for declaratory and injunctive relief. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984).

In his complaint, plaintiff alleges that defendant Garner-Easter was the hearing officer who presided over the revocation hearing. Amended Complaint (Am. Compl.) at 20-24. She is entitled to absolute immunity for her quasi-judicial role in revoking plaintiff's parole. Plaintiff also alleges that defendants Lohse and Lee, rather than the Board of Prison Terms (BPT), imposed the condition that plaintiff not have contact with Luna. Am. Compl. at 14-15. They both, then, are entitled to absolute immunity from damages for this action.

Plaintiff's remaining allegations against defendants Lohse and Lee are qualitatively different, however. In his second cause of action, plaintiff alleges that defendant Lohse wrote the parole violation report listing ten charges, which was approved by defendant Lee. Am. Compl. at 17-18. Right before the hearing, however, defendant Lohse prepared a new violation petition, again approved by defendant Lee, which contained twelve charges. Id.

Parole officials are entitled only to qualified immunity for actions arising from the duty to supervise parolees, including the investigation of parole violations and the recommendation that parole revocation proceedings be undertaken. Swift, 384 F.3d at 1189, 1191; Scotto v. Almenas, 143 F.3d 105, 112 (2d Cir. 1998).

In Swift, the Ninth Circuit recognized that under California's regulatory scheme, parole officers who supervise parolees must report certain violations to the BPT, while the BPT has the discretion to initiate revocation proceedings. 384 F.3d at 1192-93; see also 15 Cal. Code Regs. §§ 2615, 2616(a), 2000(74) (defining terms). The court in Swift found this to be analogous to a police officer's seeking a warrant rather than to a prosecutor's exercise of discretion to initiate criminal proceedings and concluded that absolute immunity did not apply. Accordingly, defendants Lohse and Lee are not entitled to absolute immunity for the actions alleged in claim two of the amended complaint.

B. Failure To State A Claim

Defendants argue that plaintiff's challenge to the parole condition restricting his contact with Luna does not state a claim because plaintiff's parole had previously been violated as the result of his corporal injury to Luna. See Am. Compl., Ex. 2 at 7 (12/29/04 violation).

Incarceration places substantial restrictions on an inmate's constitutional right of association. Overton v. Bazzetta, 539 U.S. 126, 131 (2003). These restrictions may extend to an inmate during a period of parole, so long as there is a rational basis for the restriction and a reasonable relationship between the condition and the offense or history and characteristics of the offender. Cordell v. Tilton, 515 F.Supp.2d 1114, 1122 (S.D. 2007).

The court cannot say that plaintiff will be unable to prove facts that will entitle him to relief. According to the allegations in the complaint, Luna herself wrote to the BPT, asking that the condition be removed. Am. Compl. at 16. In addition, plaintiff alleges that Lohse told him there was no appeal from the imposition of the condition even if it might, as plaintiff

/////

told her, cause him to become homeless. Id. at 15. Plaintiff may thus be able to show that the condition was overbroad or without rational basis. See Cordell, 515 F.Supp.2d at 1122-23.

IT IS HEREBY ORDERED that plaintiff's July 6, 2007 motion for the entry of a default judgment is denied.

IT IS HEREBY RECOMMENDED that:

1. Defendant Garner-Easter's July 10, 2007 motion to be dismiss be granted as to plaintiff's request for damages but denied as to his request for declaratory relief;

2. The July 6, 2007 motion to dismiss filed by defendants Lohse and Lee be granted as to plaintiff's claim for damages arising from the imposition of the no-contact parole condition, but denied as to his request for declaratory relief; and

3. The July 6, 2007 motion to dismiss filed by defendants Lohse and Lee be denied in its entirety as to plaintiff's claim that he was denied due process by the defendants' failure to give him adequate notice of the two charges added to the parole violation petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 24, 2008.

U.S. MAGISTRATE JUDGE

2/lira2512.57