IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNESTO G. LIRA,

    Plaintiff,                    No. CIV S-05-2512 GEB KJM P

    vs.

G. GARNER-EASTER, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Defendants Lee, Lohse, and Garner-Easter have filed a motion to compel plaintiff's deposition and the production of documents and for an order directing plaintiff to pay the costs of the previously scheduled depositions for which he failed to appear. Plaintiff has neither opposed the motion nor filed a statement of non-opposition.

        Defendants allege that on April 29, 2008 they served plaintiff with a request for the production of documents and a notice for a deposition on May 22. Plaintiff failed to appear.

        In a telephone conference with plaintiff, defendants agreed to reschedule the deposition and document production for June 26, 2008; plaintiff again failed to appear.

        Defendants had a further telephone conference with plaintiff who agreed to appear for a deposition on June 30, 2008. He failed to appear for the third time. Defendants

1

1  have incurred $586.25 in costs for court reporters for the three scheduled depositions and
2  $450.00 in attorney's fees.  See Declaration of Grant Lien.
3         Under Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure, the court may
4  impose sanctions on a party who "fails, after being served with proper notice, to appear for that
5  person's deposition. . . . "   The rule outlines a number of sanctions the court may impose and
6  advises that "the court must require the party failing to act . . . to pay the reasonable expenses,
7  including attorney's fees, caused by the failure unless the failure was substantially justified or
8  other circumstances make an award of expenses unjust."  Fed. R. Civ.P. 37(d)(3); Lew v. Kona
9  Hospital, 754 F.2d 1420 (9th Cir. 1985).  A party's indigence does not necessarily mean that the
10 imposition of monetary sanctions is unjust.  Bosworth v. Record Data of Maryland, Inc., 102
11 F.R.D. 518, 520 (D. Md. 1984).
12         Plaintiff has not responded to defendants' motion and so has not attempted to
13 justify his failure to appear at the three scheduled depositions.  Although sanctions are
14 appropriate, the court will limit them to the costs for the court reporter and not for attorney's
15 fees, because counsel has not explained why he will not be able to rely on his earlier preparation
16 when the deposition is again scheduled.
17         IT IS HEREBY ORDERED that:
18         1. Defendants' motion to compel (docket no. 50) is granted;
19         2. Plaintiff is ordered to appear for his deposition at the time and place set in a
20 notice from defendants' counsel and to bring documents responsive to defendants' request for
21 the production of documents.  Plaintiff is cautioned that failure to comply may result in the
22 imposition of additional sanctions, including dismissal of the action;
23         3. Plaintiff is ordered to pay the amount of $586.25 to the Office of the Attorney
24 General within thirty days of the date of this order.  Plaintiff is cautioned that failure to comply
25 may result in the imposition of additional sanctions;
26 /////

1      4. The dates for dispositive motions, pretrial statement, pretrial conference and
2 trial established in the scheduling order (docket no. 48) are vacated and dispositive motions shall
3 now be due within thirty days of plaintiff's deposition; and
4      5. Defendants are directed to file a copy of the notice setting the new date for
5 plaintiff's deposition.
6 DATED: August 21, 2008.
7
8                                    _____
                                     U.S. MAGISTRATE JUDGE
9 2
lira2512.mtc
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26