IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNESTO G. LIRA,

        Plaintiff,                     No. Civ S-05-2512 GEB KJM P

        vs.

G. GARNER-EASTER, et al.,        <u>ORDER AND</u>

        Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a former prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On August 22, 2008, the court granted defendants' motion to compel and directed plaintiff to appear at the time set for his deposition and to bring documents responsive to the defendants' request for production. The court also imposed sanctions on plaintiff for failing to appear for three previously scheduled depositions and directed plaintiff to pay a total of $586.25 to the Office of the Attorney General to cover the costs associated with the scheduling of the depositions. Plaintiff was warned that if he failed to pay the fees within thirty days and/or failed to appear for his deposition, he was subject to further sanctions, including dismissal of the action.

        On August 22, 2008, defendants filed an amended notice of deposition and on October 8, 2008, filed a renewed motion for sanctions based on plaintiff's failure to appear for

1

this fourth rescheduled deposition.  Plaintiff has not filed an opposition or otherwise responded to the defendants' motion nor did he file an opposition to defendants' earlier motion to compel.

A court may dismiss a case for a party's failure to comply with court orders.  Fed. R. Civ. P. 41(a). A court may also impose sanctions, including the sanction of dismissal, on a party who refuses to comply with discovery orders.  See Fed.R.Civ.P. 37(b)(2)(C).  A dismissal is generally not appropriate, however, in the absence of a showing of willfulness, bad faith or fault.  Evans v. City of Chicago, 513 F.3d 735, 743 (7th Cir. 2008).  Both of these reasons support dismissal in this case, and the record supports a finding of willfulness if not bad faith.

In support of his motion to compel, counsel for the defendants recounted the following history:  On April 29, 2008 he served plaintiff with a request for the production of documents and a notice for a deposition on May 22, 2008. Plaintiff failed to appear.  In a telephone conference with plaintiff, counsel  agreed to reschedule the deposition and document production for June 26, 2008; plaintiff failed to appear.  Counsel had a further telephone conference with plaintiff who agreed to appear for a deposition on June 30, 2008.  He failed to appear for the third time.  Declaration of Grant Lien (Docket No. 50).

In support of the current motion for sanctions, counsel avers that he served plaintiff with a notice that his deposition was scheduled for September 22, 2008 at 1:30 p.m., but that plaintiff failed to appear.  Counsel for defendants incurred additional costs of $250.57. Declaration of Grant Lien (Docket No. 53).  In addition, plaintiff has not paid the originally imposed sanction of $586.25.  Id.

This recitation demonstrates plaintiff's failure to comply with discovery has been willful: several times, he called counsel asking to reschedule the deposition, yet nevertheless failed to appear.   Moreover, he has not paid the sanction imposed on him in August and so has failed to comply with a court order.

/////

/////

1       IT IS THEREFORE ORDERED that defendants' motion for sanctions (Docket
2  No. 53) is granted and plaintiff is ordered to pay the amount of $250.57 to the Office of the
3  Attorney General within thirty days of the date of this order.  This sum must be paid in addition
4  to the $586.25 earlier ordered.
5       IT IS HEREBY RECOMMENDED that this case be dismissed.
6       These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
8  days after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
11 that failure to file objections within the specified time may waive the right to appeal the District
12 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
13 DATED: November 5, 2008.

_____
U.S. MAGISTRATE JUDGE